**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WILLIAM FRANCIS TRUANT,

    *Plaintiff,*

v.

H.R. PERSUHN, *et al.,*

    *Defendants.*

No. 23-cv-0579-ABA

**MEMORANDUM OPINION**

The jury in this case returned a verdict in favor of Defendants on all liability questions. ECF No. 86 at 1–2. The jury also answered in favor of Defendants on all special interrogatories, including findings that no Defendant struck Mr. Truant's head or caused his head to strike a car door, and that Defendant Persuhn observed Mr. Truant spinning the wheels of his car and skidding in a parking lot prior to effecting a car stop and arrest. *Id.* at 6–7. To the extent issues of objective reasonableness regarding violations of the Fourth Amendment are a legal question for the Court to decide, *see Armstrong v. Hutcheson*, 80 F.4th 508, 514–15 (4th Cir. 2023), the jury's findings of historical fact in the special interrogatories make clear that the Defendants' use of force and arrest of Mr. Truant were not unreasonable. *See E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 180 (4th Cir. 2018) ("[A] standard procedure such as handcuffing would rarely constitute excessive force where the officers were justified . . . in effecting the underlying arrest.") (quoting *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002)); *D.C. v. Wesby*, 583 U.S. 48, 56 (2018) ("A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence."); Md. Code Ann., Transp. § 21-1117 (making "skidding" and

"spinning of wheels" unlawful). Additionally, Mr. Truant has filed a notice signaling his agreement that entry of judgment is proper based upon the jury's verdict, while reserving his right to file post-trial motions or appeal. ECF No. 90 at 1.

Accordingly, the Court will enter judgment in the accompanying order.


Date: March 11, 2026

_____/s/_____
Adam B. Abelson
United States District Judge