**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WILLIAM FRANCIS TRUANT,
*Plaintiff*,

v.

H.R. PERSUHN, *et al.*,
*Defendants*.

Case No. 23-cv-579-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Truant sued several officers of the Baltimore County Police Department for civil rights violations in connection with his 2023 arrest. The case went to trial, and the jury returned a verdict in favor of Defendants on all liability questions and all special interrogatories. ECF No. 86. Consistent with this verdict, the Court entered an order of judgment against Mr. Truant and for Defendants. ECF No. 92. Mr. Truant has now moved to amend the judgment or in the alternative for a new trial. ECF No. 100.

Mr. Truant's motion for reconsideration refers to both Rule 59(a) and Rule 60(b). ECF No. 22 at 1. The Court remains mindful of its obligation to liberally construe the pleadings and papers of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but, even so, Mr. Truant is not entitled to relief under either Rule.

After a jury trial, "under Rule 59(a)(1)(A), a court may grant a new trial on all or some issues 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Burgess v. Baltimore Police Dep't*, 300 F. Supp. 3d 696, 702 (D. Md. 2018) (quoting Fed. R. Civ. P. 59(a)(1)(A). Under Rule 59, "[a] district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence;

(2) is based upon false evidence; or (3) will result in a miscarriage of justice." *U.S. Equal Emp. Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017). "When considering a motion for a new trial under Rule 59, 'a trial judge may weigh the evidence and consider the credibility of the witnesses.'" *Hicks v. Ferreyra*, 64 F.4th 156, 174 (4th Cir. 2023) (quoting *Poynter ex rel. Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989)). But "[j]ury determinations of factual matters such as . . . the amount of compensatory damages will be reviewed by determining whether the jury's verdict is against the weight of the evidence or based on evidence which is false." *Id.* at 174–175 (quoting *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)).

Mr. Truant argues he should be granted a new trial under Rule 59 for three reasons: (1) there was "[f]alse testimony that influenced the jury's decision"; (2) there were "[f]alse statements to bias the jury and citing unconstitutional policy arrest [sic]"; and (3) "[i]nadequate compensation." ECF No. 100 at 1. The Court has reviewed Mr. Truant's submission and concludes that these arguments lack merit.

Mr. Truant first argument focuses on his contention that his car would have been unable to perform the "donuts" that Officer Persuhn contends were committed because it had front-wheel drive. ECF No. 100 at 2–4. But Mr. Truant was free to present evidence or testimony to that effect at his trial. He did not, and the jury's conclusion that Officer Persuhn did observe him performing "donuts" was not against the weight of the evidence.

Mr. Truant also contends that counsel for Defendants made statements in his closing arguments and cross-examination that misstated the controlling legal standards. ECF No. 100 at 4–7. A misstatement of law by counsel—especially one that was

apparently not objected to or challenged contemporaneously—is not one of the grounds for relief under Rule 59 (unless it led to a miscarriage of justice). But regardless, the Court has reviewed Mr. Truant's assertions and the relevant portions of the trial transcripts, and concludes that counsel for Defendants did not misstate the law as it applied to the trial.

Because the Court concludes that the jury verdict as to liability was not against the great weight of evidence, not based upon false evidence, and did not result in a miscarriage of justice Mr. Truant's motion under Rule 59 is denied (and the Court need not address his contention that he should be awarded at least $2,000,000 in damages, *id.* at 7–8).

"[T]o obtain relief from a final judgment under Rule 60(b), one of the six grounds enumerated must be satisfied." *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024). "Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield*, 674 F.3d at 378. Mr. Truant has also moved for relief under Rule 60(b), citing Rule 60(b)(3) and 60(b)(6). Neither provision applies here.

Rule 60(b)(3) allows a court to grant relief if there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Mr. Truant's argument concerning fraud under Rule 60 appears to be the same as his argument under Rule 59, that Officer Persuhn lied on the stand and counsel for Defendants made misstatements. *See* ECF No. 100 at 8. The Court rejects these arguments for the same reasons explained above.

Rule 60(b)(6) provides a "catchall" basis for reconsideration, requiring "a showing of 'extraordinary circumstances'" to warrant relief. *Daulatzai*, 97 F.4th at 178

(quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). Mr. Truant has not shown any extraordinary circumstances warranting reconsideration of the judgment. He lost at trial, and that loss comported with the evidence. His motion will be denied to the extent it seeks relief under Rule 60(b).

For these reasons, the Court ORDERS as follows:

1. Plaintiff's motion to amend the judgment or for a new trial (ECF No. 100) is DENIED;
2. The Clerk is directed to CLOSE this case.

Dated: September 2, 2026

*/s/*
Adam B. Abelson
United States District Judge